UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| MICHAEL HENDRIX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV622-028 |
| ) | |
| SHERIFF NOEL BROWN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R) of May 16, 2022, (doc. no. 9), to which objections have been filed, (doc. no. 11). Hendrix's Objection does not identify any defect in the Magistrate Judge's analysis. Instead, he makes several requests, discussed below. Since he does not "object" to the Report and Recommendation in any meaningful way it is **ADOPTED**. (Doc. no. 9.) The requests contained in Hendrix's Objection are, for the reasons discussed below, **DENIED**. Accordingly, Plaintiff's Amended Complaint is **DISMISSED**, and the Clerk of Court is **DIRECTED** to close this case.

Hendrix's Objection states that he "wishes to further exhaust the remedies of [the] above-style[d] case by further requesting the court to file an extension." (Doc. no. 11 at 1-2.) The Report and Recommendation did not discuss Hendrix's failure to exhaust his administrative remedies, (see generally doc. 9), and Hendrix's Amended Complaint alleges that he exhausted the grievance process, (see doc. no. 8 at 16). His request for an "extension" to pursue further remedies is, therefore, **DENIED** as moot.

Hendrix also renews his request for court-appointed counsel. (See doc. no. 11 at 2.) He states that his "exceptional circumstances of not having access to a law library or the ability to obtain proper documents to prepare his claims causes a significant challenge to proceed (pro se) in above-style case [sic]." (Id.) Hendrix, however, has no constitutional right to counsel in a civil case. See Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citation omitted). The Court has discretion to appoint counsel, pursuant

to 28 U.S.C. § 1915(e)(1), but appointment is only appropriate in "exceptional circumstances." Id. The challenges of litigating while incarcerated do not constitute such circumstances. See Hampton v. Peeples, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015) ("[P]risoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated," and collecting cases). Hendrix's request for court-appointed counsel is, therefore, **DENIED**.

Finally, Hendrix's request that the Court provide him "a standard 95 Form (tort claim) to support a breach in duty and illustrate a tortious action in above style case," (doc. no. 11 at 2), is simply not cogent. The Court is unaware of any "95 Form," provided to litigants by the federal courts. See generally, United States Courts, Forms, available at https://www.uscourts.gov/services-forms/forms (last visited June 16, 2022). Even if the Court could identify the form Hendrix seeks copies of, the Court is not obligated to provide free copies of documents to litigants. Cf. United States v. McRae, 2022 WL 1158251, at *1 (S.D. Ga. Apr. 19, 2022) ("Defendant is not entitled to free copies of Court records."). His request is, therefore, **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 16th day of November, 2022.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA